# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**KAREN S. BIGGE**

      **Plaintiff,**

**v.**                                                                 **Case No: 5:16-cv-455-Oc-34PRL**

**CITRUS MEMORIAL HOSPITAL,
INC.,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

Before the Court are documents submitted by the parties in relation to their negotiated settlement of this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").  (Docs. 23, 25, 27).  In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In the Amended Complaint, Plaintiff alleges that Defendant violated the FLSA by failing to pay her overtime compensation.  (Doc. 10).  In addition to the overtime compensation allegedly due to her, Plaintiff seeks liquidated damages, attorney's fees, and pre-judgment interest.  (Doc. 10 at 4).  Defendant denies any wrongdoing under the FLSA and denies that Plaintiff is

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

entitled to any relief.   Nonetheless, Defendant made the decision to settle this case to avoid the costs and uncertainty of further litigation.   (Doc. 23 at 2).   The parties state that the settlement was reached through arms-length negotiations between counsel.   The parties agree based on the scope of the claims and the costs and uncertainty of continued litigation, that the settlement is a fair and reasonable resolution of Plaintiff's claims.

The parties filed a revised Settlement Agreement (Doc. 27-1) after the Court identified issues with general release language contained in earlier versions.   (Docs. 23-1, 25-1).   While the parties have removed much of the troublesome language, the revised Settlement Agreement still states that Plaintiff agrees to accept the settlement in full accord and satisfaction of "all of her claims, including all claims she could have brought."   (Doc. 27-1 at ¶1.1).   Despite this seemingly broad language, I am satisfied that the settlement – when read in its entirety – relates solely to Plaintiff's claims for unpaid overtime compensation.

Pursuant to the terms of the revised Settlement Agreement (Doc. 27-1), Defendant agrees to pay Plaintiff $2,500.00 to resolve her claims for alleged unpaid overtime wages.   I submit that this is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel.   *Lynn's Food Stores, Inc.,* 679 F.2d at 1354-55.   The parties were represented by experienced counsel who represented their clients' interests.   Defendant raised several defenses to Plaintiff's claims; thus, it is not certain that Plaintiff would have prevailed on her claims in their entirety.   The parties agree that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

In addition, the parties represent that counsel negotiated a resolution of Plaintiff's claims for attorneys' fees and costs separately and without regard to the amount paid to Plaintiff. Defendant will pay Plaintiff's counsel attorney's fees in the amount of $2,000.00.   Because the

agreed-upon fees and costs to be paid to Plaintiff's counsel were determined independently, did not affect the payment to Plaintiff, and otherwise appear to be reasonable, I need not separately consider the reasonableness of the fees and costs to be paid to Plaintiff's counsel. *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, I submit that the parties' Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. 23) should be **GRANTED;** the revised Settlement Agreement (Doc. 27-1) should be **APPROVED**; and the case should be **DISMISSED** with prejudice.

Recommended in Ocala, Florida on February 8, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy